IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>CRAIG J. HARMON<br>KATHERINE L. HARMON<br>AKA KATHERINE L. YOUNG<br><br>      Debtors | Case No. 11-11593-BLS<br>(Chapter: 13) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC.<br><br>      Movant<br><br>v.<br><br>CRAIG J. HARMON<br>18531 GREELY AVENUE<br>LINCOLN, DE 19960<br><br>KATHERINE L. HARMON<br>AKA KATHERINE L. YOUNG<br>18531 GREELY AVENUE<br>LINCOLN, DE 19960<br>      (Debtors)<br><br>DENNIS HARMON<br>HAROLD HARMON SR.<br>16 DEER PARK TRAIL<br>LINCOLN, DE 19960<br>      (Co-Debtors)<br><br>MICHAEL B. JOSEPH<br>824 MARKET STREET<br>P.O. BOX 1351<br>WILMINGTON, DE 19899-1351<br>      (Trustee)<br><br>      Respondents | **Objections due by: January 22, 2018, 4:00 p.m.**<br>**Hearing Date: January 30, 2018, 10:00 a.m.** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND THE CO-DEBTOR AUTOMATIC STAY PURSANT TO 11 U.S.C. § 1301(c)(3)**

Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. ("Movant"), by its undersigned counsel, Orlans PC, files this motion for relief from the Automatic Stay and the Co-Debtor Automatic Stay to exercise its non-bankruptcy rights and remedies against a parcel of real property located at 16 Deer Park Trail, Lincoln, DE 19960 (the "Property") and in support hereof states as follows:

1. This proceeding in which Movant seeks relief under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301(c)(3) is a contested matter within the meaning of Fed. R. Bankr. P. 4001 and 9014. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (b)(2)(O). Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. On May 24, 2011, the above named Debtors, Craig J. Harmon and Katherine L. Harmon ("Debtors"), filed in this court a Petition under Chapter 13 of the United States Bankruptcy Code. Michael B. Joseph (the "Trustee") was appointed Chapter 13 trustee.

3. On or about November 20, 2006, Virginia Harmon executed and delivered to Suntrust Mortgage, Inc. a promissory note (the "Note") in the amount of ONE HUNDRED FIVE THOUSAND DOLLARS AND NO CENTS ($105,000.00), plus interest at the adjustable rate of 6.500% per annum, attorney's fees, costs and late charges to be paid over thirty (30) years. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein.

4. To secure the repayment of the sums due under the Note, Virginia Harmon executed and delivered to Suntrust Mortgage, Inc. a Mortgage dated November 20, 2006, encumbering the real property ("Property") described as: 16 Deer Park Trail, Lincoln, DE 19960. A copy of the Mortgage is attached as **Exhibit B** and incorporated herein.

5. The Note and Mortgage were later transferred to Movant and Movant is the current holder of the Note and Mortgage. A copy of the Assignment is attached as **Exhibit C** and incorporated herein.

6. Virginia Harmon passed away on March 24, 2010. Dennis Harmon, Harold Harmon, Sr., and Craig Harmon are heirs.

7. The Debtors failed to make post-petition payments due under the Note for 75 months (September 1, 2011, through November 1, 2017) and is in arrears for a total amount of $44,076.20, plus applicable late charges, attorneys' fees, and costs for which the Debtors are liable under the Note.

8. As of November 29, 2017, there remains an unpaid principal balance of $101,963.64 under the Note, a detailed breakdown of which is set forth in the Affidavit In Support Of Motion For Relief From The Automatic Stay (the "Affidavit"), a copy of which is attached hereto as **Exhibit D**. Interest continues to accrue on the unpaid balance under the Note at the per-diem rate of $10.82 per day, as stated in the Affidavit.

9. According to the opinion[1] of a broker qualified to sell real property in the region in which the Property is located, or according to the most recently conducted tax valuation, the Property is worth approximately $100,000.00, before deducting costs of sale, broker's fees, and other fees that might be incurred in the liquidation of the Property, and this is Movant's good-faith estimate of the value of the Property before deducting such costs and fees. A copy of the BPO is attached hereto as **Exhibit E**

10. The Note is now in default, and Movant seeks to exercise certain of its non-bankruptcy rights and remedies with respect to the Note, including but not limited to enforcement of its rights against the Mortgage.

---

[1] The opinion of this broker may not be a formal appraisal in accordance with applicable brokerage law.

**A.    RELIEF FROM THE AUTOMATIC STAY IS APPROPRIATE.**

11.    Upon information and belief, the Debtors and the Trustee have no equity in the Property after accounting for Movant's claims, costs of sale, and any other liens that may exist.

12.    As there is little to no equity in the Property, the Property is not necessary for an effective reorganization. Therefore, relief from stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage.

13.    Based upon information and belief, any equity cushion in the Property is insufficient to assure that, due to fluctuations in the value of the Property and continuing accruals under the Note, the Movant will remain secured.

14.    Upon information and belief, the value of the Property is decreasing, or not increasing at the same rate as the indebtedness under the Note is increasing. Therefore, Movant's interest in the Mortgage is not adequately protected.

15.    Movant does not know whether the Property, including but not limited to Movant's interest in the Mortgage, is properly insured. Therefore, Movant's interest in the Mortgage is not adequately protected.

16.    Movant does not know whether the Debtors are properly maintaining the physical premises of the Property. Therefore, Movant's interest in the Mortgage is not adequately protected.

17.    A continued stay of Movant's action against the Property will cause Movant significant prejudice.

18.    That the Debtors' account delinquency and lack of equity in the property constitute cause for relief from the automatic stay to permit Movant to exercise its non-

bankruptcy rights and remedies with respect to the Mortgage pursuant to § 362(d)(1) of the Bankruptcy Code.

**B.     RELIEF FROM THE CO-DEBTOR AUTOMATIC STAY IS APPROPRIATE.**

19.     To the extent that relief from the automatic stay is granted, Movant may nevertheless be unable to exercise its non-bankruptcy rights and remedies with respect to the Property because of the Co-Debtor Automatic Stay.

20.     Therefore, Movant is irreparably harmed by the continuation of the Co-Debtor Automatic Stay.

21.     Therefore, relief from the Co-Debtor Automatic Stay is appropriate.

**C.     RELIEF FROM THE 14-DAY STAY IS APPROPRIATE.**

22.     Movant believes that this motion will be unopposed or entered upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate.

23.     Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

WHEREFORE, Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. prays that this Court issue an Order terminating or modifying the Automatic Stay under 11 U.S.C. § 362 and Co-Debtor Automatic Stay under 11 U.S.C. § 1301, as to the property located at 16 Deer Park Trail, Lincoln, DE 19960 and granting the following:

a.     Relief from the Automatic Stay and Co-Debtor Automatic Stay allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property and/or allowing Movant, through its agents, servicers and representatives to contact Debtors and/or Debtors' counsel for the purpose of engaging in discussions and consideration for possible loss mitigation options, solutions and/or resolutions

with regard to the underlying mortgage and note, including, but not limited to loan modification, deed in lieu or other loss mitigation alternatives.

  b.  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

  c.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

  d.  That it be exempted from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case.

  e.  For such other relief as the Court deems proper.

  f.  The Debtor must pay $581.00 to Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. for attorney's fees and costs.

Date: December 28, 2017

                Respectfully submitted,

                */s/Jessica L. Mullenix Woodward*
                Jessica L. Mullenix Woodward, Bar # 5516
                Timothy Shelley, Bar # 4460
                Orlans PC
                1201 N. Orange St. Suite 7301
                Wilmington, DE 19801
                (302)339-8800
                Attorneys for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc.
                jwoodward@orlans.com
                tshelley@orlans.com