IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>CRAIG J. HARMON<br>KATHERINE L. HARMON<br>AKA KATHERINE L. YOUNG<br><br>    Debtors | Case No. 11-11593-BLS<br>(Chapter: 13) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC.<br><br>    Movant<br><br>v.<br><br>CRAIG J. HARMON<br>18531 GREELY AVENUE<br>LINCOLN, DE 19960<br><br>KATHERINE L. HARMON<br>AKA KATHERINE L. YOUNG<br>18531 GREELY AVENUE<br>LINCOLN, DE 19960<br>    (Debtors)<br><br>DENNIS HARMON<br>HAROLD HARMON SR.<br>16 DEER PARK TRAIL<br>LINCOLN, DE 19960<br>    (Co-Debtors)<br><br>MICHAEL B. JOSEPH<br>824 MARKET STREET<br>P.O. BOX 1351<br>WILMINGTON, DE 19899-1351<br>    (Trustee)<br><br>    Respondents | |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND THE CO-DEBTOR AUTOMATIC STAY PURSUANT TO 11 USC §1301(c)(3)**

UPON CONSIDERATION of the Motion for Relief from Automatic Stay, and the Co-Debtor Automatic Stay ("Motion") filed by Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to parties in interest as described in the Certificate of Service is adequate under the circumstances; and the Court having further determined that the Debtors and the Trustee do not have an interest in the real property located at 16 Deer Park Trail, Lincoln, DE 19960 (the "Property") and that their interest in the Property, if any, is not necessary to an effective reorganization; and the Court having further determined that cause exists to grant Movant relief from the automatic stay imposed by 11 U.S.C. § 362(a) (the "Automatic Stay") with respect to the Property because Movant's interest in the Property is not adequately protected; and the Court having further determined that Movant would be irreparably harmed by the continuation of the stay imposed by 11 U.S.C. § 1301(a) (the "Co-Debtor Stay"); it is hereby ORDERED as follows:

1. The Motion is hereby GRANTED. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2. Pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301(c)(3), Movant is hereby granted relief from the Automatic Stay and the Co-Debtor Automatic Stay, and the Automatic Stay and the Co-Debtor Automatic Stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property and the Debtors, Craig J. Harmon and Katherine L. Harmon, including but not limited to foreclosure of the Mortgage, Sheriff's Sale or Trustee's Sale of the Property and all

other legal remedies against the Property and Debtors which may be available to Movant under State law.

3. This Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

4. This Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

5. That this Order be exempted from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case.

6. The Debtors must pay $581.00 to Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. for attorney's fees and costs.

Date: January 24, 2018

BY THE COURT

_____
U.S. Bankruptcy Court Judge